IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Thomas Christopher Stevens, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:15-2823-BHH |
| | ) | |
| Nancy A. Berryhill, Acting | ) | **ORDER** |
| Commissioner of Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

On May 12, 2017, W. Daniel Mayes ("Mayes"), counsel for Plaintiff Thomas Christopher Stevens ("Plaintiff"), filed a motion for attorney's fees pursuant to 42 U.S.C. § 406(b). (ECF No. 36.) In the motion, Mayes requests reimbursement for representation provided in the above-referenced case in the amount of $17,246.25.[1]

As required by 42 U.S.C. § 406(b), the amount requested by counsel is not greater than twenty-five percent (25%) of the past-due benefits recovered by Plaintiff. Counsel for the Acting Commissioner of Social Security ("Commissioner") filed a response to the motion on May 19, 2017, in which she states that the Commissioner does not oppose an award of attorney' fees under § 406(b). (ECF No. 37.) The Court has reviewed the motion and exhibits and finds that counsel's request for fees is reasonable.

Accordingly, IT IS ORDERED that Plaintiff's motion for attorney's fees (ECF No. 36) pursuant to the Social Security Act, 42 U .S.C. § 406(b), is GRANTED in the amount of

---

[1] Plaintiff was awarded $52,423.00 in back-due benefits, and his child was awarded $16,562.00, of which $17,246.25 was withheld for attorney's fees.

$17,246.25.[2]

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

May 30, 2017
Charleston, South Carolina

---

[2] Plaintiff received $3,369.19 in attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d). (ECF No. 35.) As Plaintiff's attorney concedes in his memorandum (ECF No. 36-1), he must refund to Plaintiff the EAJA fees already paid. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (noting that fees may be awarded under both § 406(b) and EAJA but that the claimant's attorney must refund to the claimant the amount of the smaller fee) (internal quotations and citation omitted); *Astrue v. Ratliff*, 130 S.Ct. 2521, 2528 (2010).